# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 27, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SCOTT CIPA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-462V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Tetanus-Diphtheria-Acellular Pertussis |
| AND HUMAN SERVICES, | * | (Tdap); Guillain-Barré Syndrome (GBS); |
| | * | Chronic Inflammatory Demyelinating |
| Respondent. | * | Polyneuropathy (CIDP); Bell's Palsy; |
| * * * * * * * * * * * * * | | Stipulation. |

<u>Clifford J. Shoemaker</u>, Shoemaker, Gentry, and Knickelbein, Vienna, VA, for petitioner.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On April 12, 2016, Scott Cipa ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on April 10, 2014. *Id.* at ¶ 5; Stipulation filed February 27, 2019 (ECF No. 88) at ¶ 2. Petitioner alleged that as a result of receiving that vaccination, he sustained a vaccine-related injury diagnosed as Guillain-Barr Barré Syndrome ("GBS"), chronic inflammatory demyelinating polyneuropathy ("CIDP"), and/ or Bell's Palsy. Petition at ¶¶ 6-8; Stipulation at ¶ 4.

On February 27, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation. Respondent denies that petitioner's

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the Ruling will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleged GBS, CIDP, Bell's Palsy, and/ or any other injury was caused by a Tdap vaccination. *Id.* at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the stipulation attached hereto as Appendix A.

**The stipulation awards a lump sum of $325,000.00 in the form of a check payable to petitioner.** This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
**************************************
```

| | | |
|---|---|---|
| **SCOTT CIPA,** | * | |
| Petitioner, | * | **No. 16-462V** |
| | * | SPECIAL MASTER |
| v. | * | THOMAS L. GOWEN |
| | * | |
| **SECRETARY OF HEALTH AND** | * | |
| **HUMAN SERVICES,** | * | |
| | * | |
| Respondent. | * | |

```
**************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1.    Scott Cipa ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of an tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the

Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.    Petitioner received the Tdap vaccine on April 10, 2014.

3.    The vaccine was administered within the United States.

4.    Petitioner alleges that as a result of receiving the Tdap vaccine, he sustained a

vaccine-related injury diagnosed as Guillain-Barre Syndrome ("GBS"), chronic inflammatory

demyelinating polyneuropathy ("CIDP"), and/or Bell's Palsy.

5.    Petitioner represents that there has been no prior award or settlement of a civil

action for damages on his behalf as a result of his alleged injuries.

6.    Respondent denies that petitioner's alleged GBS, CIDP, Bell's Palsy, and/or any

1

other injury, was caused by a Tdap vaccination.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that
the issues between them shall be settled and that a decision should be entered awarding the
compensation described in paragraph 8 of this Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent
with the terms of this Stipulation, and after petitioner has filed an election to receive
compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human
Services will issue the following vaccine compensation payment:

A lump sum of **$325,000.00** in the form of a check payable to petitioner. This
amount represents compensation for all damages that would be available under 42
U.S.C. § 300aa-15(a).

9.     As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to 42
U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before
the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this
petition.

10.    Petitioner and his attorney represent that they have identified to respondent all
known sources of payment for items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,
Federal or State health benefits programs (other than Title XIX of the Social Security Act (42
U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 of this Stipulation, and any amounts
awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i),
subject to the availability of sufficient statutory funds.

2

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payment described in paragraph 8, and any amounts awarded pursuant to paragraph 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccine administered on April 10, 2014, as alleged in a Petition filed on April 12, 2016, in the United States Court of Federal Claims as petition No. 16-462V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

3

parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged GBS, CIDP, Bell's Palsy, and/or any other injury, was caused by a Tdap vaccination.

17.     All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

SCOTT CIPA

**ATTORNEY OF RECORD FOR PETITIONER:**

CLIFFORD J. SHOEMAKER
Shoemaker, Gentry & Nickelbein
9711 Meadowlark Road
Vienna, VA 22182
Tel: (703)281-6395

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Ward Sorensen for

NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181

DATE: 2/27/2019

5