# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 6, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| SCOTT CIPA, | * | |
| | * | No. 16-462V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES | * | Joint Stipulation; Vagueness; |
| | * | Duplicative Billing; Expert |
| Respondent. | * | Rate. |
| * * * * * * * * * * * * * * * * * | | |

<u>Clifford J. Shoemaker</u>, Shoemaker, Gentry, and Knickelbein, Vienna, VA, for petitioner.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 5, 2019, Scott Cipa ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 90). For the reasons discussed below, I hereby **GRANT** the motion and award a total of **$84,573.71** in attorneys' fees and costs and **$2,107.05** in petitioner's costs.

## I.    Procedural History

On April 12, 2016, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that he suffered from Guillain Barré Syndrome ("GBS"), Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), and/or Bell's Palsy as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on April 10, 2014.  *Id.* at ¶ 1.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 30, 2018, at the parties' request, the case was referred to Alternative Dispute Resolution ("ADR"). Status Report (ECF No. 79), Order (ECF No. 80). After a successful mediation, the case was removed from ADR on October 10, 2018. Order (ECF No. 83). On February 27, 2019, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner. Stipulation for Award (ECF No. 88). Respondent denied that petitioner's alleged injuries and residual effects were caused-in-fact by the Tdap vaccination. *Id*. at ¶ 6. Nevertheless, the parties agreed that the issues between them should be settled and a decision should be entered awarding compensation to petitioner. I adopted the Stipulation for Award as my Decision awarding compensation on February 27, 2019. (ECF No. 89).

On March 5, 2019, petitioner filed a motion for attorneys' fees and costs. Pet. Fees App. (ECF No. 90). Petitioner requests compensation for his attorney, Mr. Clifford J. Shoemaker, in the total amount of $89,546.81. This represents $70,001.40 in attorneys' fees and $19,545.41 in costs. Pet. Fees App. at 1-2. Petitioner also requests reimbursement for costs which he personally incurred in association with pursuing this claim in the amount of $2,107.05. *Id*.

On March 25, 2019, respondent filed a response to petitioner's motion which provides that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 92). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.     Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a Stipulation and therefore he shall be awarded reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of*

*Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.   Reasonable Attorneys' Fees and Costs

#### a.   Hourly Rate

Petitioner requests compensation for his attorneys Mr. Clifford Shoemaker, Ms. Renee Gentry, and Ms. Sabrina Knickelbein.  Pet. Fees App. at 29-52.

The rates requested generally conform with what other special masters and I have consistently awarded Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein.  *Price v. Sec'y of Health & Human Servs.*, No. 11-442V, 2019 WL 1796100, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); *Nixon v. Sec'y of Health & Human Servs.*, No. 13-738V, 2019 WL 1149942, at *2 (Fed. Cl. Spec. Mstr. Feb. 6, 2019); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

However, petitioner requests that Ms. Knickelbein receive an increased rate of $396.00 for work in 2019.  This is a rate not yet awarded to Ms. Knickelbein for work done in 2019. However, the requested rate appears reasonable as an increase of $5.00 for an additional year of experience in the Vaccine Program.  It is also within the range for an attorney of Ms. Knickelbein's experience in the Attorneys' Forum Hourly Rate Fee Schedule for 2019.[3] Accordingly, no adjustments to the requested rates are required.

#### b.   Hours Expended

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484.  Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521.  Petitioner requests $70,001.40 in attorneys' fees.  After review of the hours billed, I find that some reductions need to be made.

Mr. Shoemaker's billing entries suffer from vagueness, an issue that I have already expressed previously.  *Price*, 2019 WL 1796100, at *3; *Nixon*, 2019 WL 1149942, at *2.  Entries by Mr. Shoemaker for correspondence often state "[e]mail from Henry," "[e]mail to Dr. Carels," or "[e]mail from Scott" without referring to the topic of the email.  Additionally, multiple entries state "[r]eview order" without describing the order being reviewed.  Pet. Fees App. at 29-35. The majority of Mr. Shoemaker's billing entries for correspondence and order review are similarly vague.  As noted in *Price*, Mr. Shoemaker's colleagues' entries have a more appropriate level of specificity.  *Price*, 2019 WL 1796100, at *3.  For example, Ms. Gentry's entries will read "email to client re settlement."  Pet. Fees App. at 39.

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914.

Of greater concern is the apparent duplicative billing between Mr. Shoemaker and Ms. Knickelbein.  Almost all of Ms. Knickelbein's billing entries are related to the review of records and the review of correspondence in what appears to a predominately paralegal context.  Pet. Fees App. at 47-52.  The billing entries of Mr. Shoemaker and Ms. Knickelbein appear to have reviewed many of the same records on similar dates.  Pet. Fees App. at 29-52.  Additionally, given that Ms. Knickelbein appears to not have had a role in this case until June 22, 2015 at which time her entries consist almost exclusively of review of filed documents, I find the work performed by Ms. Knickelbein to be duplicative.  I have already raised these same concerns in previous cases involving Mr. Shoemaker.  *Price*, 2019 WL 1796100, at *3; *Nixon*, 2019 WL 1149942, at *2.

Accordingly, I find that a 10% reduction of Mr. Shoemaker's hours is appropriate to account for the issues of vagueness and duplicative billing and encourage the firm to better describe Ms. Knickelbein's role in future litigation within billing entries to show the value of her work.  The billing records indicate that Mr. Shoemaker billed 72.15 hours for a total of $30,731.00. This results in a reduction in attorneys' fees by $3,073.10.  Petitioner is awarded attorneys' fees in the amount of **$66,928.30**.

###   c.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $19,545.41 in attorneys' costs.  These include the costs of obtaining medical records, which is required in the Vaccine Program.  The amounts are reasonable and adequately documented.

Petitioner also requests the costs associated with a mediation with former Chief Special Master Golkiewicz in Detroit, Michigan, totaling $8,582.98.  I have previously granted attorneys' costs related to a successful mediation.  *Jones v. Sec'y of Health & Human Servs.*, No. 11-70V, 2014 WL 7508006, at *7-8 (Fed. Cl. Spec. Mstr. Dec. 4, 2014).  In the mediation in *Jones*, the parties requested the services of a mediator, petitioner and both parties' counsel travelled to the mediation location, and the mediation was successful in resolving the matter.  *Id.* The same features are present in this case.  Additionally, petitioner has provided adequate documentation of the costs.

Finally, petitioner requests $9,500.00 to pay the invoice of his expert Dr. Carlo Tornatore.  He requests $500.00 an hour for work on this matter.  Dr. Tornatore has been compensated at a rate of $400.00 an hour in previous cases.  *Nixon*, 2019 WL 1149942, at *3; *Averitt v. Sec'y of Health & Human Servs.*, No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018); *Morgan v. Sec'y of Health & Human Servs.*, No, 15-1137V, 2017 WL 1034399 (Fed. Cl. Spec. Mstr. Jan. 23, 2017).  Dr. Tornatore is the Chair of the Department of Neurology at Georgetown University, has published numerous articles in medical journals, has previous experience providing expert reports and testimony in the Vaccine Program, and provided a strong expert report in this case.  In *Nixon*, I found that although Dr. Tornatore has impressive credentials and overall experience in the Vaccine Program, a rate of $400.00 was appropriate since almost all his work was done in 2015 and 2016.  *Nixon*, 2019 WL 1149942, at *3 n.4.  The same occurred in this case.  Dr. Tornatore billed all of his time in 2015 and 2016 with only 0.5 hours billed in 2017.  Pet. Fees App. at 98.  While I would be open in future cases

to award Dr. Tornatore a higher rate, I find that rate of $400.00 per hour is appropriate in this case.

Dr. Tornatore's invoice reflects 19 hours of work performed in this matter.  I find the number of hours Dr. Tornatore billed to be reasonable.  However, like the special master in *Hodge*, I encourage Dr. Tornatore to provide more detailed descriptions of his work.  *Hodge v. Sec'y of Health & Human Servs.*, No. 09-453V, 2017 WL 1315716, at *5 (Fed. Cl. Spec. Mstr. Mar. 9, 2017).  For example, many of Dr. Tornatore's entries state "[m]eet with attorney" and "review [additional] records."  Pet. Fees App. at 98.  Thus, petitioner's motion for attorneys' fees and costs is reduced by $1,900 to account for Dr. Tornatore's reduced rate.

Therefore, I will award the requested attorneys' costs of **$19,545.41** without adjustment.

### d.  Petitioner's Costs

Similar to attorneys' costs, a request for reimbursement for petitioner's costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,107.05 in costs personally by petitioner.  Pet. Fees App. at 3. This amount consists of costs associated with the mediation in Detroit, Michigan and traveling to Washington, DC to meet with Mr. Shoemaker and Dr. Tornatore.  *Id.*  As previously discussed, the costs associated with the mediation are reasonable.  The costs of petitioner traveling to meet with Mr. Shoemaker and Dr. Tornatore represent the cost of Mr. Shoemaker meeting with his client.  I find these costs to be reasonable.  Petitioner has provided adequate documentation for all personally incurred expenses and I will award petitioner's costs in full.  Therefore, I will award petitioner costs in the amount of **$2,107.05**.

### IV.  Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.  I will award petitioner attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $70,001.40 |
| (Total Reduction of Fees) | $3,073.10 |
| **Attorneys' Fees Awarded** | **$66,928.30** |
| | |
| Attorneys' Costs Requested | $19,545.41 |
| (Reduction of Costs) | $1,900 |
| **Attorneys' Costs Awarded** | **$17,645.41** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$84,573.71** |
| | |
| **Total Amount of Petitioner's Costs** | **$2,107.05** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $84,573.71, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mr. Clifford J. Shoemaker;[4] and**

2) **A lump sum in the amount of $2,107.05, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

       **IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).